United States District Court
Southern District of Texas
**ENTERED**
December 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYFIELD J. THIBEAUX, | § | CIVIL ACTION NO |
| (TDCJ–CID #00703837) | § | 4:23-cv-03783 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TROY FINNER, *et al,* | § | |
| Defendants. | § | |

### MEMORANDUM ON DISMISSAL

Plaintiff Rayfield J. Thibeaux is a former inmate of the Texas Department of Criminal Justice—Correctional Institutions Division. He sues Troy Finner (as Chief of the Houston Police Department), John Doe I & John Doe II (as arresting officers), and Johnny B. Holmes (as District Attorney for Harris County). He alleges that they conducted an illegal search, arrested him without a warrant, and illegally convicted and sentenced him. He states that he filed an application for a writ of *habeas corpus* and that the Texas Court of Criminal Appeals discharged his sentence under *Ex parte Harrington*, 310 SW 3d 452 (Tex Crim App 2010). He claims that the Texas Court of Criminal Appeals found fraud and ineffective assistance of counsel. Dkt 1.

Online research shows that a jury of the 337th Judicial District Court of Texas found Thibeaux guilty in February 1987 of possession of a controlled substance, namely, cocaine, weighing less than 28 grams in Cause No. 45249201010 and assessed punishment at ten years confinement.

Thibeaux proceeds here *pro se*. He has paid the $402 filing fee. However, the United States Court of Appeals for the Fifth Circuit imposed a preclusion order and monetary sanction on July 8, 2021, in Appeal Number 20-30200:

> Rayfield Joseph Thibeaux moves to proceed in forma pauperis (IFP) in his appeal of the dismissal of his pro se complaint, in which he alleged that when he was incarcerated at the Dixon Correctional Institute the defendants implanted a monitoring device into his body. Thibeaux has filed a motion seeking leave to proceed IFP on appeal and a motion for the appointment of counsel, as well as other motions for protection and assistance.
>
> A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Although Thibeaux has filed an affidavit of poverty that indicates that he qualifies for IFP status, his allegations are fantastic, delusional, and wholly incredible, so they lack an arguable basis in fact and are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Thibeaux has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). His motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. All other outstanding motions are DENIED.

The claims made by Thibeaux in the instant complaint are repetitive of claims he made in two other appeals that were dismissed as frivolous. *See Thibeaux v. Cain*, 425 F. App'x 399 (5th Cir. 2011); *Thibeaux v. Unknown Psychiatrist*, 751 F. App'x 573, 574 (5th Cir. 2019). In denying his motion for permission to proceed with this appeal in No. 20-90018, we noted the similarity of the allegations, noted their frivolity, and concluded that Thibeaux had not shown that he was raising a nonfrivolous issue. Despite this order, Thibeaux paid the sanctions in No. 18-30457 and sought to reopen this appeal and to proceed with a motion for IFP. Thibeaux has a history of filing frivolous appeals and he has been sanctioned and warned that filing frivolous appeals would result in sanctions. *See Thibeaux*, 751 F. App'x at 574; *Thibeaux*, 425 F. App'x at 399; *Thibeaux v. Fulbruge*, 102 F. App'x 392, 393 (5th Cir. 2004).

Because Thibeaux has failed to heed these warnings, IT IS FURTHER ORDERED that Thibeaux is SANCTIONED in the amount of $200 payable to the Clerk of this court. Until the sanction has been paid in full, he is BARRED from filing in this court or any court subject to the jurisdiction of this court any pleadings unless he first obtains leave from the court in which he seeks to file such a pleading. Additionally, Thibeaux is WARNED that any future unauthorized, repetitive, or frivolous filings in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions. Further, Thibeaux should

3

> review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive to avoid additional sanctions.

Thibeaux hasn't paid the outstanding sanction imposed in Appeal No 20-30200 or obtained written authorization to file this present action. Notably, he continues to engage in the conduct that engendered the sanction. For example, he complains that prison officials implanted monitoring devices in his buttock. Dkt 4 at 2. Such allegations are repetitive of claims the Fifth Circuit found to be abusive.

The complaint by Plaintiff Rayfield J. Thibeaux is DISMISSED WITHOUT PREJUDICE as barred by outstanding sanctions. Dkt 1.

Thibeaux has filed a motion to have summons served by the United States Marshal's Office (Dkt 2), motion to appoint counsel (Dkt 3), and motion for protective order and preliminary injunction (Dkt 4). These motions are DENIED AS MOOT. Dkts 2, 3, & 4.

Any other motions are DENIED AS MOOT.

The Clerk of Court must SEND a copy of this Order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SO ORDERED.

Signed on December 18, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

4